NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAQUEL CRISTOBAL FRANCISCO; FRANKLIN ALFREDO MIGUEL CRISTOBAL, | No. 23-3691 |
| Petitioners, | Agency Nos. A220-309-087 A220-309-086 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024[**]
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Petitioners Raquel Cristobal Francisco and her son, F.A.M.C., are natives and

citizens of Guatemala. Petitioners seek review of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals' ("BIA") order dismissing their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny their petition.

In 2017, unknown individuals began throwing rocks at Cristobal Francisco's home in Guatemala. Also around this time, unknown individuals burglarized Cristobal Francisco's home. After this occurred, Cristobal Francisco decided to leave Guatemala with F.A.M.C., and they entered the United States without inspection in June 2021. Cristobal Francisco and F.A.M.C. subsequently applied for asylum, withholding of removal, and relief under CAT. An immigration judge denied their applications and ordered them removed to Guatemala, and the BIA affirmed.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). Under this standard, the agency determination must be upheld "unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review "the BIA's determination of purely legal questions" de novo. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

1.     The BIA did not err in finding Petitioners were ineligible for asylum or withholding of removal. The immigration judge found that "there was no nexus between the harm" that Cristobal Francisco feared and "her proposed particular social group[.]" The BIA subsequently adopted and affirmed this determination. Petitioners do not challenge this finding and thus waive review of that issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996). Consequently, "[t]he lack of a nexus to a protected ground is dispositive of [their] asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016)

2.     The BIA did not err in denying Petitioners' applications for CAT relief, either. To be eligible for CAT protection, a petitioner must establish that he or she will more likely than not be subjected to "torture" that is "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" in their country of origin. 8 C.F.R. §§ 1208.16(c); 1208.18(a)(1). But "generalized evidence of violence and crime . . . is not particular to [p]etitioners and is insufficient . . . to establish prima facie eligibility for protection under CAT." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Here, the BIA adopted the immigration judge's finding that Cristobal Francisco was a victim of general criminal activity in Guatemala. And, looking to the future, the BIA further found that Cristobal Francisco did "not establish that it is more likely than not that she . . . faces an *individualized* risk of torture if returned to

3

Guatemala." Substantial evidence supports the BIA's determination that Cristobal Francisco and F.A.M.C. are ineligible for CAT relief.

The petition is **DENIED.**